UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 4:20-CR-11 |
| v. | ) | |
| | ) | Judge Collier |
| RICHARD WILLIAM TRIMUE | ) | |

### MEMORANDUM & ORDER

Before the Court is a letter from Defendant, Richard William Trimue, asking for (1) "information or something done" for him on Amendment 821 to the United States Sentencing Guidelines; (2) information or action regarding the amount of jail credit on his January 14, 2025, Sentence Monitoring Computation Data Sheet;[1] and (3) information or action about having his federal sentence of imprisonment run concurrently with a sentence for a state parole violation. (Doc. 285.)

To the extent Defendant seeks relief under Amendment 821, the Court notes that, through Standing Order 24-05, the Court has instructed Federal Defender Services of Eastern Tennessee ("FDSET") to identify cases that may be affected by Amendment 821 and has appointed FDSET to represent any defendant in such a case. The Clerk of Court is **DIRECTED** to serve a copy of this Memorandum and Order on FDSET.

To the extent Defendant seeks relief regarding the computation of his time served, "the power to grant credit for time served lies solely with the Attorney General and the Bureau of

---

[1] Defendant also complains that his data sheet reflects a five-year term of supervised release, whereas he asserts he signed a plea agreement that provided for only a four-year term. However, Defendant's plea agreement indicated that his term of supervised release would be "at least 4 years" (Doc. 113 ¶ 1), his presentence investigation report indicated a guideline range of four to five years of supervised release (Doc. 161 ¶ 74), and the sentence imposed by this Court included a term of supervised release of five years (Doc. 203 at 3).

Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001) (citing 18 U.S.C. § 3585(b) and *United States v. Wilson*, 503 U.S. 329, 333 (1992)). A defendant who disagrees with his or her sentencing calculation may file a habeas corpus action under 28 U.S.C. § 2241, but only after exhausting administrative remedies with the BOP. *See, e.g.*, *Robinson v. Marberry*, No. 2:06-13386, 2007 WL 201086, at *1–2 (E.D. Mich. Jan. 19, 2007) (citing *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). Such a petition must generally be filed in a court that has personal jurisdiction over the defendant's custodian, because granting the petition requires the court to order the custodian to take action regarding the manner of execution of defendant's sentence. *United States v. Garcia-Echaverria*, 374 F.3d 440, 449 (6th Cir. 2004). A defendant's custodian for purposes of a habeas corpus petition is typically the warden of the facility in which the defendant is housed. *Roman v. Ashcroft*, 340 F.3d 314, 319–20 (6th Cir. 2003) (quoting *Vasquez v. Reno*, 223 F.3d 688, 696 (1st Cir. 2000)). Defendant is currently housed in West Virginia according to the Bureau of Prisons' website and Maryland according to Defendant's mailing. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 25, 2025); (*see also* Doc. 285 at 2 [envelope]). This Court has no reason to believe it would have personal jurisdiction over the warden of Defendant's facility in either West Virginia or Maryland. Therefore, even if the Court were to construe Defendant's letter as a petition under 28 U.S.C. § 2241, it would have to be denied.

To the extent Defendant asks for relief regarding the concurrent or consecutive running of his federal and state sentences, Defendant has not established authority for the Court to do so. Defendant's judgment is silent on whether his sentence is to run concurrently or consecutively to any other sentence. (*See* Doc. 203 at 2.) "[T]he court may not modify a term of imprisonment once it has been imposed" except in certain specific circumstances. 18 U.S.C. § 3582(c).

2

Case 4:20-cr-00011-CLC-CHS    Document 286    Filed 02/26/25    Page 2 of 3    PageID #: 2006

Defendant has not shown that any of those circumstances apply here. *See United States v. Zabawa*, 134 F. App'x 60, 67–68 (6th Cir. 2005) (reversing trial court's amendment of judgment to run federal sentence of imprisonment concurrently with state sentence).

Finally, to the extent Defendant otherwise asks the Court for information on how to proceed on the legal questions he identifies, the Court cannot provide it. The Court is not permitted to give legal advice to litigants, even when they are not represented by counsel. *See Martinez v. Ct. of App. of Calif.*, 528 U.S. 152, 162 (2000); *see also Smith v. Palmer*, No. 11-CV-12765, 2011 WL 2623301, at *1–2 (E.D. Mich. Jul. 5, 2011) (collecting cases).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**